IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN HENERY GOODSON, #244949, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-836-WKW |
| | ) | |
| CONECUH COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On September 18, 2006, John Henery Goodson ["Goodson"], a state inmate, filed a complaint under 42 U.S.C. § 1983 in which he makes only the conclusory allegation that the defendants "denied [him] medical treatment" and subjected him to "cruel and unusual punishment" in violation of the Eighth Amendment. *Plaintiff's Complaint* at 2. Thus, the complaint fails to identify factual allegations material to the count lodged against the defendants. This type of pleading fails to comply with the pleading requirements contained in the Federal Rules of Civil Procedure as it "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "[D]istrict Courts confronted by such complaints have the inherent authority to demand repleader sua sponte. *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998); *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)." *Magluta*, 256 F.3d at 1284 n.3. In light of the foregoing, it is

ORDERED that on or before October 6, 2006 the plaintiff shall file an amendment to his complaint which:

1. Presents *specifi*c facts in support of his claim that the defendants denied him medical treatment and subjected him to cruel and unusual punishment.

2. Describes how each named defendant acted in violation of his constitutional rights.

3. States the precise relief he seeks from this court.

The plaintiff is hereby advised that the amendment to the complaint must set forth *short and plain statements* showing why the plaintiff is entitled to relief. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*. The plaintiff is further advised that neither rambling recitations nor conclusory allegations will be accepted by this court.

The plaintiff is cautioned that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed.

DONE, this 21st day of September, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE