IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN HENERY GOODSON, #244949, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-836-WKW |
| | ) [WO] |
| CONECUH COUNTY JAIL, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, John Henery Goodson ["Goodson"], a state inmate, asserts that the defendants denied him adequate medical treatment during his confinement in the Conecuh County Jail.

Upon review of the complaint, the court concludes that dismissal of Goodson's claims for relief against the Conecuh County Jail and the Evergreen Hospital prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

1. <u>The Conecuh County Jail</u>.  Goodson names the Conecuh County Jail as a defendant in this cause of action. A county jail is not a legal entity subject to suit or

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss any claim contained in a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

liability under section 1983.  *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Goodson's claims against the Conecuh County Jail are due to be dismissed.  *Id.*

    2. <u>The Evergreen Hospital</u>.  An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation ... and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'"  *American Manufacturers*, 119 S.Ct. at 985.

    The Evergreen Hospital is not a person acting under color of state law nor an entity which may be considered a state actor for purposes of liability under § 1983.  Thus, Goodson's claims against this defendant are frivolous and therefore due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Conecuh County Jail and the Evergreen

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

Hospital be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Conecuh County Jail and the Evergreen Hospital be dismissed as parties to this cause of action.

3. The complaint, with respect to the plaintiff's claims against Tracey Hawsey and Peggy Gray, be referred back to the undesigned for additional proceedings.

It is further

ORDERED that on or before October 17, 2006 the parties may file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of October, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE